IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Guy Marion Williams, ) | C/A No.: 1:12-1946-RMG-SVH |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | REPORT AND RECOMMENDATION |
| ) | |
| Mr. Owens, Warden; Mr. Timothy ) | |
| Johnson, A.W.; Mr. Rayburn, Captain; ) | |
| Mr. R. Dunbar, Lieutenant; Mr. D. ) | |
| Mercado, Rec. Supervisor; Mr. David ) | |
| Massa, Medical Doctor; Mr. Irwin Fish, ) | |
| P.A., ) | |
| ) | |
| Defendants. ) | |
| ) | |

Plaintiff Guy Marion Williams, proceeding pro se and in forma pauperis, brings this civil action pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 397 (1971). Plaintiff alleges that his constitutional rights were violated during his incarceration at the Federal Correctional Institution in Williamsburg, South Carolina ("FCI-Williamsburg"), a facility of the Bureau of Prisons ("BOP"). He names as defendants the following employees at FCI-Williamsburg: Warden Owens, Associate Warden Johnson, Captain Rayburn, Lieutenant Dunbar, Recreation Supervisor Mercado, Dr. Massa, and Physician Assistant Fish (collectively "Defendants"). Before the court is Defendants' motion to dismiss or, in the alternative, for summary judgment [Entry #31]. Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B), and Local Rule 73.02(B)(2)(d) (D.S.C.), the undersigned is authorized to review such complaints for relief. Because the motion is dispositive, this Report and Recommendation is entered for

review by the district judge.

I.     Factual and Procedural Background[1]

Inmates are allowed to have photographs taken in the recreation department, but recreation staff review the photographs prior to issuing them to the particular inmate who has purchased the pictures. [Entry #31-4 at 2]. On January 31, 2011, defendant Mercado and Sports Specialist R. Hall were reviewing photographs when they noticed that Plaintiff was wearing altered clothing (a Yankees logo t-shirt) in the photographs. *Id*. Mr. Hall issued Plaintiff an incident report for possession of contraband [Entry #31-7]. The confiscated items, including the pictures, were forwarded to defendant Dunbar, who conducted the initial investigation of the incident report. [Entry #31-4 at 2]. After talking to Plaintiff about the reports, Dunbar gave the photographs to Plaintiff and kept the confiscated t-shirt to support the incident reports.

On February 1, Mercado saw that Plaintiff still had the pictures, and asked Dunbar why the pictures were given to Plaintiff. *Id*. at 3. Dunbar explained that he did not see a confiscation form for the photographs so he gave the pictures back to Plaintiff. *Id*. Mercado explained that the photographs were contraband and not authorized to be taken or in the possession of Plaintiff, and Dunbar agreed that he should not have given Plaintiff the pictures. *Id*. Mercado told Dunbar that he would get the pictures back and give them to Dunbar to attach to the incident reports. *Id*. Defendant Mercado then

---

[1] Defendants' version of the facts greatly varies from the recitation of facts in Plaintiff's verified complaint. In this Circuit, verified complaints by pro se prisoners are to be considered as affidavits when the allegations contained therein are based on personal knowledge. *Williams v. Griffin*, 952 F.2d 820, 823 (4th Cir. 1991). Therefore, the court construes all factual disputes in favor of Plaintiff as the non-moving party.

informed Plaintiff that he was not authorized to have them in his possession, but Plaintiff stated he did not have them. *Id*. Mercado gave Plaintiff a direct order to give him the pictures, but Plaintiff refused. *Id*. Mercado observed what looked like photographs in Plaintiff's shirt pocket, so he ordered him to turn around for a pat search. *Id*.

Plaintiff complied by spreading his legs apart and outstretching his arms for the pat search. Mercado touched the Plaintiff's left shirt pocket and questioned Plaintiff on the contents of the pocket to which Plaintiff responded that it contained the photographs. [Entry #1 at 8]. According to Plaintiff, Mercado then "placed a choke-hole around the Plaintiff's neck squeezing on the Plaintiff's windpipe, cutting off his oxygen" and demanded the pictures.[2] *Id*. Plaintiff alleges that before he could comply, Mercado slammed him onto the concrete floor, jumped on him, and began to pound on Plaintiff's face and mouth. *Id*. Plaintiff alleges that Mercado's use of force led to his partial denture breaking into three pieces, causing them to perforate through his lips and throat. *Id*. Plaintiff alleges that he tried to free himself from Mercado's blows, but Mercado managed to slam Plaintiff back down on the ground and to continue hitting Plaintiff's face. *Id*. at 9. Plaintiff claims he again tried to escape, at which point Mercado began to strangle Plaintiff from behind. *Id*. Plaintiff alleges he managed to escape Mercado's grasp, picked up the photos, and fled the room. Plaintiff alleges he was then denied medical treatment. *Id*.

---

[2] Defendant Mercado attests that while he reached for the photographs, Plaintiff grabbed his hand forcefully in defiance. [Entry #31-4 at 3]. According to Mercado, he was trying restrain Plaintiff on the floor when Plaintiff hit him in the head with a closed fist and ran away, upon which time Mercado called for assistance and eventually restrained Plaintiff in the recreation yard. *Id*.

Plaintiff claims damages against defendants Owens, Johnson, and Rayburn for deliberate indifference, negligence, failure to provide a safe environment, and failure to properly train staff to ensure they do not assault inmates for personal reasons. *Id*. at 11. He claims damages against defendant Dunbar for failure to assist Plaintiff before the alleged assault occurred. *Id*. He claims damages against defendant Mercado for alleged use of excessive force. *Id*. He also seeks damages from defendants Fish and Massa for their denial of medical attention after the alleged assault. *Id*. at 12.

Defendants filed their motion to dismiss on January 11, 2013. [Entry #31]. Pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the court advised Plaintiff of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to Defendants' motion [Entry #32]. Plaintiff filed a response in opposition to Defendants' motion on March 4, 2012 [Entry #39], and Defendants filed a reply [Entry #40]. This matter having been fully briefed, it is now ripe for disposition. Having carefully considered the parties' submissions and the record in this case, the court recommends Defendants' motion be denied as to Mercado and granted as to all other defendants.

II.   Discussion

   A.   Standard for Summary Judgment[3]

The court shall grant summary judgment "if the movant shows that there is no

---

[3] Although Defendants couch their motion as a motion to dismiss or, in the alternative, for summary judgment, they have submitted documents outside of the pleadings. Therefore, the court construes it as a motion for summary judgment pursuant to Fed. R. Civ. P. 12(d). *See Logar v. W.V. Univ. Bd. of Governors*, 493 Fed. Appx. 460 (4th Cir. 2012).

4

genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant bears the initial burden of demonstrating that summary judgment is appropriate; if the movant carries its burden, then the burden shifts to the non-movant to set forth specific facts showing that there is a genuine dispute for trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). If a movant asserts that a fact cannot be disputed, it must support that assertion either by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials;" or "showing . . . that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1).

In considering a motion for summary judgment, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.* at 248. Further, while the federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case, *see, e.g., Cruz v. Beto*, 405 U.S. 319 (1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts that set forth a federal claim, nor can the court

5

assume the existence of a genuine dispute of material fact when none exists. *Hill v. O'Brien*, 387 Fed. Appx. 396, 399–400 (4th Cir. 2010).

### B. Analysis

Plaintiff brings suit against federal agencies and federal correctional officers; therefore, his constitutional claims are evaluated under *Bivens*. *Bivens* is the case establishing, as a general proposition, that victims of a constitutional violation perpetuated by a federal actor may sue the offender for damages in federal court despite the absence of explicit statutory authorization for such suits. *Carlson v. Green*, 446 U.S. 14, 18 (1980); *see also Holly v. Scott*, 434 F.3d 287, 289 (4th Cir. 2006). A *Bivens* claim is analogous to a claim brought against state officials under 42 U.S.C. § 1983. Therefore, caselaw involving § 1983 claims is applicable in *Bivens* actions, and vice versa. *See Harlow v. Fitzgerald*, 457 U.S. 800, 814–820, n. 30 (1982); *see also Farmer v. Brennan*, 511 U.S. 825 (1994); *Bolin v. Story*, 225 F.3d 1234, 1241–42 (11th Cir. 2000); *Campbell v. Civil Air Patrol*, 131 F.Supp.2d 1303, 1310, n. 8 (M.D.Ala. 2001) ("the court shall refer interchangeably to cases" decided under both § 1983 and *Bivens*).

### 1. Exhaustion of Administrative Remedies

Defendants have moved for summary judgment based in part on the defense of Plaintiff's failure to exhaust his administrative remedies. The Prison Litigation Reform Act (PLRA), Pub. L. No. 104-134, 110 Stat. 1321 (codified as amended at 42 U.S.C. § 1997e(a) (1996)), mandates, among other things, that federal prisoners exhaust their administrative remedies prior to filing civil actions. *See Jones v. Bock*, 549 U.S. 199, 211,

(2007); *Booth v. Churner*, 532 U.S. 731 (2001). Exhaustion is required for "[a]ll action[s]. . . brought with respect to prison conditions, whether under § 1983 or any other Federal law." *Porter v. Nussle*, 534 U.S. 516, 524 (2002) (internal quotations omitted). The PLRA's exhaustion requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Id.*, 534 U.S. at 532. Exhaustion is a threshold requirement that must be satisfied in order for prisoner complaints to proceed. *See Jones*, 549 U.S. at 216; *Booth*, 532 U.S. at 741.

No unexhausted claims may be considered by the court; such claims must be dismissed. *Jones*, 549 U.S. at 211. The PLRA requires "proper" exhaustion, that is, "a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Woodford v. Ngo*, 548 U.S. 81, 93 (2006). "An inmate's failure to exhaust administrative remedies is an affirmative defense to be pleaded and proven by the defendant." *Anderson v. XYZ Correctional Health Services*, 407 F.3d 674, 683 (4th Cir. 2005).

Defendants claim that Plaintiff has failed to file administrative remedies with regard to his claims of failure to provide a safe environment, failure to properly train staff, and failure to provide medical attention. In response, Plaintiff did not directly dispute that he has failed to exhaust his administrative remedies. Instead, he attached an administrative remedy appeal he filed about a disciplinary hearing, as well as the BOP's response to a remedy at the hearing. [Entry #39-9, #39-10]. Neither of these exhibits

relates to Plaintiff's allegations regarding failure to provide a safe environment, failure to properly train staff, or failure to provide medical attention. Therefore, in light of Plaintiff's failure to properly exhaust his administrative remedies, it is recommended that defendants Owens, Johnson, and Rayburn ("Supervisory Defendants") be granted summary judgment on Plaintiff's claims for failure to provide a safe environment and failure to properly train and that defendants Fish and Massa be granted summary judgment for failure to provide Plaintiff with medical attention.

2.     Liability of Supervisory Defendants

Plaintiff has made no reference to Supervisory Defendants in his recitation of the facts in his complaint. *See generally* Compl. [Entry #1]. Plaintiff has not claimed that they were in any way responsible for the alleged assault by Mercado. Thus, it appears that Plaintiff named Supervisory Defendants based solely on their supervisory roles at FCI-Williamsburg. However, the doctrine of *respondeat superior* or supervisory liability generally is inapplicable to § 1983 or *Bivens* suits, such that an employer or supervisor is not liable for the acts of his employees, absent an official policy or custom that results in illegal action. *See Monell v. Department of Social Services*, 436 U.S. 658, 694 (1978); *Fisher v. Washington Metro. Area Transit Authority*, 690 F.2d 1133, 1142–43 (4th Cir. 1982).

Higher officials may be held liable for the acts of their subordinates, however, if the official is aware of a pervasive, unreasonable risk of harm from a specified source and fails to take corrective action as a result of deliberate indifference or tacit authorization.

*Slakan v. Porter*, 737 F.2d 368 (4th Cir. 1984), *cert. denied*, *Reed v. Slakan*, 470 U.S. 1035 (1985). Plaintiff has not made any allegations that Supervisory Defendants were personally responsible for the alleged use of excessive force. Further, Plaintiff has not shown that Supervisory Defendants were deliberately indifferent to, or tacitly authorized, any of the actions or inactions of employees of the prison. Thus, Plaintiff fails to set forth a claim upon which relief can be granted against Supervisory Defendants, and the undersigned recommends they be granted summary judgment.

        3.      Liability of Defendant Dunbar

Plaintiff sues Dunbar "for failure to assist the Plaintiff before the assault occurred." [Entry #1 at 11]. Defendants argue that Plaintiff has failed to set forth a cause of action against Dunbar upon which relief may be granted. Plaintiff has not alleged a constitutional right that Dunbar allegedly violated. Additionally, Plaintiff has not alleged that Dunbar knew that Mercado was going to assault Plaintiff. Therefore, the undersigned recommends Dunbar be granted summary judgment.

        4.      Defendant Mercado

Because Plaintiff's complaint states sufficient allegations against Mercado to state a claim for excessive force, he has set forth a cognizable claim against him. Additionally, even without conducting any discovery, there are clear disputes of material fact between Plaintiff's verified complaint and Defendants' version of the facts concerning the alleged assault. Therefore, defendant Mercado is not entitled to summary judgment at this stage of the proceeding.

9

III.     Conclusion

For the foregoing reasons, it is recommended that defendants Owens, Johnson, Rayburn, Dunbar, Massa, and Fish be granted summary judgment in this matter. It is recommended that summary judgment be denied as to defendant Mercado. If the district judge accepts this recommendation, Mercado is directed to file a responsive pleading to Plaintiff's complaint with 14 days of the district judge's decision.

IT IS SO RECOMMENDED.

*Shiva V. Hodges*

April 4, 2013                                    Shiva V. Hodges
Columbia, South Carolina                         United States Magistrate Judge

**The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).