IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Guy Marion Williams, ) | |
| ) | C/A No.: 1:12-1946-RMG |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **ORDER** |
| Mr. Owens, Warden; Mr. Timothy ) | |
| Johnson, A.W.; Mr. Rayburn, Captain; ) | |
| Mr. R. Dunbar, Lieutenant; Mr. D. ) | |
| Mercado, Rec. Supervisor; Mr. David ) | |
| Massa, Medical Doctor; Mr. Irwin Fish, ) | |
| P.A., ) | |
| ) | |
| Defendants. ) | |

This matter is before the Court on the Report and Recommendation ("R&R") of the Magistrate Judge recommending that this Court grant Defendants' motion to dismiss or, in the alternative, for summary judgment as to Defendants Owens, Johnson, Rayburn, Dunbar, Massa, and Fish and deny Defendants' motion as to Defendant Mercado. (Dkt. No. 41). For the reasons set forth below, the Court agrees with and adopts the R&R of the Magistrate Judge as the order of the Court.

**Background**

Plaintiff Guy Marion Williams, proceeding pro se and in forma pauperis, brings this civil action pursuant to *Bivens v. Six Uknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388, 397 (1971). Plaintiff alleges that his constitutional rights were violated during his incarceration at the Federal Correctional Institution in Williamsburg, South Carolina. Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(d) DSC, this matter was assigned to a Magistrate Judge for all pretrial proceedings. On January 11, 2013, Defendants filed a motion to dismiss or, in the alternative, for summary judgment as to all

1

Plaintiff's claims. (Dkt. No. 31). Plaintiff then filed a response in opposition, (Dkt. Nos. 34, 39), and Defendants filed a reply, (Dkt. No. 40). The Magistrate Judge then issued an R&R recommending the Court grant Defendants' motion as to all Defendants except for Defendant Mercado. (Dkt. No. 41). Defendants then timely filed objections to the R&R. (Dkt. No. 45). Plaintiff filed no objections.

## Legal Standard

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a de novo determination of those portions of the R&R to which specific objection is made. Additionally, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate judge with instructions." *Id.*

If, on a motion to dismiss, the court considers matters outside of the pleadings, such as a party's supporting memoranda and attachments, the court treats the motion as one for summary judgment. Fed. R. Civ. P. 12(d). Summary judgment shall be granted if the pleadings, the discovery and disclosure materials on file, and any affidavits show "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). At the summary judgment stage, the court must view the evidence in the light most favorable to the non-moving party and draw all justifiable inferences in its favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

In reviewing these pleadings, the Court is mindful of Plaintiff's pro se status. This Court is charged with liberally construing the pleadings of a pro se litigant. *See, e.g., De'Lonta v.*

2

*Angelone*, 330 F.3d 630, 633 (4th Cir. 2003). The requirement of a liberal construction does not mean, however, that the Court can ignore a plaintiff's clear failure to allege facts that set forth a cognizable claim, or that a court must assume the existence of a genuine issue of material fact where none exists. *See United States v. Wilson*, 699 F.3d 789, 797 (4th Cir. 2012).

### Discussion

After review of the record, R&R, and Defendants' objections, the Court agrees with and adopts the R&R as the order of the Court. Defendants object to the Magistrate Judge's finding that, at this initial stage of the litigation and before the parties have conducted discovery, there exists an issue of fact whether Defendant Mercado engaged in excessive force during an encounter with Plaintiff on February 1, 2011. (Dkt. No. 45). Specifically, Defendants object that the Magistrate Judge erred by failing to include in her R&R that Plaintiff assaulted Defendant Mercado during this encounter. (*Id.* at 2). Plaintiff, however, denies that he ever resisted Defendant Mercado during the encounter. (*See* Dkt. Nos. 1-2 at 2; 39 at 9). Accordingly, the Court agrees with the Magistrate Judge that there are issues of fact which prevent dismissal of this action at this early stage in the proceedings.

### Conclusion

For the reasons set forth above, the Court agrees with and adopts the R&R as the order of the Court. (Dkt. No. 41). Accordingly, the Court GRANTS Defendants' motion to dismiss or, in the alternative, for summary judgment as to Defendants Owens, Johnson, Rayburn, Dunbar, Massa, and Fish. (Dkt. No. 31). The Court DENIES Defendants' motion as to Defendant Mercado, and directs Defendant Mercado to file a responsive pleading to Plaintiff's complaint within 14 days of the issuance of this order.

AND IT IS SO ORDERED.

_____
Richard Mark Gergel
United States District Court Judge

May 2, 2013
Charleston, South Carolina