IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Guy Marion Williams, | ) | C/A No.: 1:12-1946-RMG-SVH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| Mr. D. Mercado, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Plaintiff Guy Marion Williams, proceeding pro se and in forma pauperis, brings this civil action alleging that Daniel Mercado ("Defendant") violated his constitutional rights during Plaintiff's incarceration at the Federal Correctional Institution in Williamsburg, South Carolina.[1] Before the court are the following motions: (1) Plaintiff's motion for issuance of subpoenas [Entry #60]; (2) Plaintiff's motion to compel [Entry #61]; (3) Plaintiff's motion for return of property [Entry #62]; and (4) Plaintiff's motion for a jury trial [Entry #65]. All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2) (D.S.C.).

I.   Motion for issuance of subpoenas

Plaintiff requests subpoenas to secure the presence of witnesses to testify at a hearing or trial in this matter. [Entry #60]. Although a subpoena is the proper method for

---

[1] By the May 2, 2013, order of United States District Judge Richard M. Gergel, the following individuals, who were previously named as defendants, were dismissed from this matter: Warden Owens, Associate Warden Johnson, Captain Rayburn, Lieutenant Dunbar, Dr. Massa, and Physician Assistant Fish. [Entry #46].

compelling attendance of a witness at trial, there are currently no hearings scheduled in this case. Further, Plaintiff has failed to provide the necessary witness fees and there is no requirement under 28 U.S.C. § 1915 that the court pay costs incurred with regard to a subpoena such as witness fees. *See Badman v. Stark*, 139 F.R.D. 601, 604 (M.D. Pa. 1991) (inmates proceeding under 28 U.S.C. § 1915 are not entitled to have their discovery costs underwritten or waived); *see also Nance v. King*, No. 88-7286, 1989 WL 126533, at *1 (4th Cir. Oct. 18, 1989) (unpublished opinion); *United States Marshals Serv. v. Means*, 741 F.2d 1053, 1057 (8th Cir. 1984) (holding that 28 U.S.C. § 1915(c) does not require government payment of witness fees and costs for indigent plaintiffs in § 1983 suits); *Johnson v. Hubbard*, 698 F.2d 286, 288–91 & nn. 2–5 (6th Cir. 1983) (lower courts have no duty to pay fees to secure depositions in civil, non-habeas corpus cases), *cert. denied*, 464 U.S. 917 (1983). Plaintiff will have ample time to submit the documents and fees prior to the scheduling of any trial date. His requests for subpoenas are denied at this time.

II.     Motion to compel

On May 6, 2013, Plaintiff filed a motion for "disclosures and discovery." [Entry #49]. On May 14, 2013, the undersigned issued a docket text order stating:

> Plaintiff's motion for discovery [49] appears to request documents from defendants. Pursuant to Rule 34 of the Federal Rules of Civil Procedure, requests for production need not be filed with the court. Plaintiff's motion is, therefore, denied. As Defendants have received notice of the requests for production via CM/ECF and a scheduling order has now been entered, the court construes the requests as having been served on Defendants on May 14, 2013. Defendants are directed to respond within the time limits proscribed by the Federal Rules of Civil Procedure.

[Entry #53]. Plaintiff filed the instant motion to compel [Entry #61] on July 11, 2013, alleging that Defendant failed to cooperate in discovery.

Defendant's response to Plaintiff's motion to compel states that Plaintiff's discovery requests were "already fully addressed and responded to in Defendant's Response to Plaintiff's Motion for Disclosures and Discovery (ECF 51)." [Entry #63]. A review of Entry #51, filed on May 14, 2013, reveals that Defendant's only objection to the discovery was that discovery had not yet been authorized by a scheduling order. Also on May 14, 2013, Defendant filed an answer to the complaint, prompting a scheduling order to issue on the same day. Finally, the undersigned also issued the docket text order quoted above on May 14, 2013. Therefore, there is no indication on the docket that Defendant has responded to the discovery, as directed in the undersigned's docket text order in Entry #53.

Independently, Defendant argues that the instant motion to compel "is untimely and not in compliance with the Court's Scheduling Order that required all 'motions to amend pleadings [to] be filed no later than June 13, 2013.'" [Entry #63]. Because the instant motion seeks to compel discovery and not to amend the complaint, the portion of the scheduling order Defendant quoted is irrelevant. Additionally, Plaintiff filed his motion to compel on July 11, 2013, regarding discovery responses that were deemed served on May 14, 2013. Plaintiff's motion to compel is timely, as the deadline for discovery to be completed was July 15, 2013. For these reasons, the undersigned rejects Defendant's arguments and grants Plaintiff's motion to compel. Defendant is directed to serve responses to Plaintiff's discovery requests by August 21, 2013.

III.    Motion to return personal property

On July 15, 2013, Plaintiff filed a motion seeking an order demanding "the Defendant Mrs. Sarah Stone" return Plaintiff's personal property. [Entry #62]. Despite Plaintiff's characterization of Mrs. Stone, she has never been a defendant in this matter, and the court cannot exercise jurisdiction over Mrs. Stone for these purposes. Therefore, Plaintiff's motion must be denied.

IV.    Motion for a jury trial

On July 29, 2013, Plaintiff filed a motion for a jury trial. [Entry #65]. In his motion, Plaintiff recounts his factual allegations and reiterates his legal claims and requests for relief. *Id*. If Defendant cannot establish that he is entitled to summary judgment in this matter, Plaintiff will be entitled to a jury trial. However, because the deadline for dispositive motions has not yet expired [Entry #52], Plaintiff's motion is denied as premature at this time.

V.    Conclusion

For the foregoing reasons, the undersigned denies Plaintiff's motion for issuance of subpoenas [Entry #60], Plaintiff's motion for return of property [Entry #62], and Plaintiff's motion for a jury trial [Entry #65]. Plaintiff's motion to compel [Entry #61] is granted and Defendant is directed to respond to Plaintiff's discovery requests by August 21, 2013.

IT IS SO ORDERED.

*Shiva V. Hodges*

August 7, 2013                                    Shiva V. Hodges
Columbia, South Carolina                          United States Magistrate Judge