IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Guy Marion Williams, | ) | |
| | ) | No. 1:12-cv-1946-RMG |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | **ORDER** |
| Mr. D. Mercado, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on the Report and Recommendation of the Magistrate Judge ("R&R") that this Court grant Defendant's motion for summary judgment. (Dkt. No. 81). For the reasons set forth below, the Court agrees with and adopts the R&R as the order of the Court.

**Background**

Plaintiff Guy Marion Williams, proceeding *pro se* and *in forma pauperis*, brings this civil action pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 397 (1971). Plaintiff alleges that his constitutional rights were violated during his incarceration at the Federal Correctional Institution in Williamsburg, South Carolina, by the use of excessive force in violation of the Eighth Amendment. Pursuant to the provisions of 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(d) DSC, this matter was assigned to a Magistrate Judge for all pretrial proceedings. Defendant Mercado filed a motion for summary judgment on August 12, 2013. (Dkt. No. 71). Plaintiff then filed a response in opposition to the motion. (Dkt. No. 75). The Magistrate Judge then issued the present R&R recommending this Court grant the motion for summary judgment. (Dkt. No. 81). Plaintiff then filed objections to the R&R. (Dkt. No. 95).

1

## Legal Standard

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a de novo determination of those portions of the R&R to which specific objection is made. Additionally, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate judge with instructions." *Id.*

## Discussion

After review of the record, the R&R, and Plaintiff's objections, the Court finds the Magistrate Judge applied sound legal principles to the facts of this case and therefore agrees with and adopts the R&R as the order of the Court. As set forth in the R&R, this case arises from a confrontation between Plaintiff and Defendant in the hobby craft room at FCI Williamsburg on the morning of February 1, 2011. The Court agrees with the Magistrate Judge that there is no genuine issue of fact whether the force Defendant Mercado used that morning violated the Eighth Amendment.

It is well settled that that the "unnecessary and wanton infliction of pain" imposed "maliciously and sadistically" by prison officials "for the very purpose of causing harm" states a claim under the Eighth Amendment. *Whitley v. Albers*, 475 U.S. 312, 319-21 (1986). However, it is also recognized that a prison's internal security is "peculiarly a matter normally left to the discretion of prison administrators" and they should be given "wide-ranging deference" regarding the actions necessary "to preserve internal order and discipline and to maintain institutional security." *Id.* at 321-22. In evaluating the exercise of force by prison officials, the

courts should consider the totality of circumstances, including such factors as the need for the application of force; the relationship between the need for force and the amount of force used; the extent of injury inflicted; the extent of threat to staff, inmates, or visitors; and any efforts to temper the use of force. *Id.* at 321. In the final analysis, an Eighth Amendment prisoner case involving the alleged excessive use of force by prison officials should not go to the jury "[u]nless it appears that the evidence, viewed in the light most favorable to the plaintiff, will support a reliable inference of wantonness in the infliction of pain." *Id.* at 322.

After reviewing Plaintiff's objections, the Court agrees with the Magistrate Judge's weighing of the *Whitley* factors and concurs that nothing in the record creates a genuine issue of a fact as to whether the force Defendant employed in his confrontation with Plaintiff violated the Eighth Amendment. From the record before the Court and Plaintiff's objections, it is uncontested that Plaintiff refused to comply with Defendant Mercado's orders to surrender photographs which Plaintiff had in his possession and hindered Mercado's efforts to obtain them. For example, Plaintiff objects that "[he] did 'comply' to Defendant Mercado's direct order to be pat searched, not to be retaliated against by going in the Plaintiff shirt pocket trying to take 3 photos that a Lieutenant Richard Dunbar gave back to the Plaintiff." (Dkt. No. 95 at 3). It is clear from his objections that Plaintiff disagrees with the propriety of Mercado's order to surrender the photographs; however, "[i]nmates cannot be permitted to decide which orders they will obey, and when they will obey them. Someone must exercise authority and control." *Rendelman v. Scott*, 378 Fed. App'x 309, 313 (4th Cir. 2010) (quoting *Soto v. Dickey*, 744 F.2d 1260, 1267 (7th Cir. 1984)). Defendant's use of force was thus exercised only after Plaintiff refused to comply with directives. Further, as noted by the Magistrate Judge, the force used was not even great enough to prevent Plaintiff from escaping from Defendant and running to another

area of the institution. In sum, after considering the record and the totality of the circumstances, the Court agrees with the Magistrate Judge that the force used by Defendant Mercado was not excessive as a matter of law.

### Conclusion

For the reasons set forth above, the Court agrees with and adopts the R&R of the Magistrate Judge as the order of the Court. (Dkt. No. 81). Accordingly, the Court GRANTS Defendant's motion for summary judgment. (Dkt. No. 71). All other pending motions are DENIED as moot.

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

November 22, 2013
Charleston, South Carolina

4